Case 3:15-cr-00037-RLY-CMM   Document 222   Filed 06/05/24   Page 1 of 4 PageID #: 836

AO 247 (Rev. 03/19) Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)    Page 1 of 2 (Page 2 Not for Public Disclosure)

# UNITED STATES DISTRICT COURT
for the
Southern District of Indiana

United States of America
v.
Timothy Haggard

Case No.: 3:15-cr-00037-RLY-CMM-5

USM No.: 13500-028

Date of Original Judgment: 12/14/2017
Date of Previous Amended Judgment:
*(Use Date of Last Amended Judgment if Any)*

Defendant's Attorney

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:
☒ DENIED.   ☐ GRANTED and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of _____ months **is reduced to** _____.

*(See Page 2 for additional parts. Complete Parts I and II of Page 2 when motion is granted)*

Except as otherwise provided, all provisions of the judgment dated December 14, 2007 shall remain in effect.
**IT IS SO ORDERED**.

Order Date: 06/05/2024

*Judge's signature*

Effective Date:
*(if different from order date)*

RICHARD L. YOUNG, Judge
*Printed name and title*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:15-cr-00037-RLY-CMM |
| ) | |
| TIMOTHY HAGGARD, ) | -05 |
| ) | |
| Defendant. ) | |

**ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE**

Defendant, Timothy Haggard, moves for a reduction in his sentence pursuant to Amendment 821 of the United States Sentencing Guidelines ("U.S.S.G.") and 18 U.S.C. § 3582(c)(2). For the reasons explained below, his motion must be **DENIED**.

Defendant was sentenced on December 12, 2017, after pleading guilty to conspiracy to possess with the intent to distribute 500 grams or more of methamphetamine, possession of a firearm by a convicted felon, and possession of a sawed-off shotgun. (Filing Nos. 130, 138). At sentencing, the court imposed a prison term of 180 months, which represented a substantial downward departure from his guidelines range of 210 to 262 months. (Filing No. 128 at 19; Filing No. 139 at 2; Filing No. 140 at 1–3).

Defendant now asks for a reduction pursuant to Amendment 821 to the U.S.S.G. The Government concedes that Defendant is eligible under Part A of Amendment 821, which limits the overall impact of "status points" on certain offenders' criminal history. U.S.S.G. § 4A1.1(e).

1

To qualify for a sentence reduction under 18 U.S.C. § 3582(c)(2), two conditions must be met: (1) the defendant must have been sentenced to a term of imprisonment based on a sentencing range that has been subsequently lowered by a retroactive guidelines amendment; and (2) the sentence reduction sought must be consistent with the Sentencing Commission's applicable policy statements. However, U.S.S.G. § 1B1.10(b)(2) provides that "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range," unless the defendant received a sentence reduction based on substantial assistance to the United States.

Here, under the retroactively applicable amendment codified in U.S.S.G. § 4C1.1, Defendant's amended sentencing guideline range is 188 to 235 months. *See* U.S.S.G. Ch. 5, Pt. A (sentencing table). But because the sentence already imposed by the court (180 months) is below this amended range, the policy statement precludes any reduction in Defendant's sentence. *See* U.S.S.G. § 1B1.10(b)(2). Furthermore, the record does not show, and Defendant has not established, that the "substantial assistance" exception of U.S.S.G. § 1B1.10(b)(2)(B) applies. The court may not reduce a sentence beyond that authorized by the Sentencing Guidelines. *Dillon v. United States*, 560 U.S. 817, 826 (2010).

For the foregoing reasons, Defendant's motion for a reduction of his sentence (Filing No. 216) is **DENIED**.

**SO ORDERED** this 5th day of June 2024.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

2

Distribution:

Electronically to Registered Counsel of Record.

Mail to:

Timothy Haggard
Reg. No. 13500-028
FMC Lexington
P.O. Box 14500
Lexington, KY  40512